UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICK PETKOVIC, | ) | CASE NO. 1:14 CV 2292 |
|     Petitioner, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) ) | ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION |
| KIMBERLY CLIPPER, | ) ) ) | |
|     Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. (ECF # 13). The Report and Recommendation recommends that this Court deny Petitioner's motion for stay and abeyance (ECF # 11), and deny Respondent's motion to dismiss the petition (ECF # 9). In Petitioner's § 2254 petition, he asserted two grounds for relief: (1) denial of right to present a defense, and (2) ineffective assistance of trial counsel. (ECF # 1). Petitioner conceded that his second ground for relief was not exhausted. (ECF # 1-2 unnumbered p. 5.). Respondent filed a Motion to Dismiss the petition because it contains an unexhausted claim. (ECF # 9). In response to Respondent's motion to dismiss, Petitioner filed his motion to stay proceedings and hold them in abeyance to allow him to return to state court to exhaust his second ground for relief. (ECF # 11). Petitioner's period of limitations for his second ground for relief expired the day after he filed his § 2254 petition in this Court.

With regards to a motion for stay and abeyance, the Supreme Court has determined that a stay and abeyance is only appropriate when the petitioner can show: (1) good cause for his failure to

exhaust; (2) that his unexhausted claims are not plainly meritless; and (3) that there is no indication the petitioner engaged in "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Magistrate Judge Vecchiarelli found that Petitioner did not establish good cause for his failure to exhaust his second ground for relief. Magistrate Judge Vecchiarelli therefore recommends that this Court deny Petitioner's motion for stay and abeyance.

Regarding a motion to dismiss when a district court determines that stay and abeyance is inappropriate, the Supreme Court further determined that rather than dismissing a mixed petition in its entirety, "the court should allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims." *Rhines*, 544 U.S. at 278. Magistrate Judge Vecchiarelli therefore recommends this Court deny Respondent's motion to dismiss the habeas petition, and direct Petitioner to elect, within fifteen days, whether to dismiss his second ground for relief or dismiss his entire petition. Further, Magistrate Judge Vecchiarelli recommends that if Petitioner elects to dismiss his second ground for relief, Respondent should be required to file the Return of Writ in this matter within 30 days of Petitioner's election. The Petitioner timely filed his objections to the Magistrate's Report. (ECF #14).

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge Vecchiarelli's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate's Report and Recommendation.

The Magistrate's Report and Recommendation fully and correctly addresses all of the Petitioner's claims and the Petitioners objections are unwarranted. This Court, therefore, adopts the

Magistrate's Report in its entirety. Accordingly, Petitioner is instructed to elect, within fifteen days of receipt of this order, whether to dismiss his second ground for relief or dismiss his entire petition. If Petitioner elects to dismiss only his second ground for relief, Respondent is instructed to file the Return of Writ in this matter within 30 day's of Petitioner's election. Additionally, should Petitioner elect to dismiss only his second ground for relief, this matter is referred to Magistrate Judge Vecchiarelli for pretrial supervision.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). IT IS SO ORDERED.

*[signature]*

DONALD C. NUGENT

United States District Judge

DATED: June 25, 2015