UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICK PETKOVIC, | ) | CASE NO. 1:14-CV-02292 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| KIMBERLY CLIPPER, Warden, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Nancy A. Vecchiarelli (ECF #26). Petitioner filed this action requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arising out of his 2011 conviction for thirteen counts of rape, seven counts of kidnapping, one count of tampering with evidence, and one count of possessing criminal tools. Petitioner was sentenced to concurrent and consecutive sentences totaling 100 years to life imprisonment. In her Report and Recommendation, Magistrate Judge Vecchiarelli recommended Petitioner's Petition for Writ of Habeas Corpus be DENIED. Petitioner has filed objections (ECF #27) to the Recommendation and Report.

## Report and Recommendation

Petitioner asserts Magistrate Judge Vecchiarelli's Report and Recommendation incorrectly recommended the dismissal of Petitioner's following ground for relief:

> The trial court's restriction on Petkovic's expert to fully testify on his behalf denied him his right to present a complete defense. Specifically, the trial court refused to allow a defense expert to examine the alleged victim so that he could fully determine whether that victim was "substantially impaired as is required by the statute in question."

Prior to trial, Petitioner moved for leave to allow an independent examiner to assess the victim with respect to her ability to consent to sexual activity. Petitioner asserted that his defense expert, forensic psychologist Dr. John Fabian, needed to interview the victim concerning her prior sexual activities including with Petitioner, but the court barred him from doing so under Ohio's rape shield laws. (ECF #26 at 7). Petitioner asserts that because the trial court barred Dr. Fabian from making an accurate assessment of the victim's mental capabilities, the defense opted not to call the expert at trial.

Petitioner has not demonstrated or argued that his counsel was prevented from cross-examining any witnesses at trial. Petitioner's counsel had the opportunity to call Dr. Fabian to testify and did not. Petitioner's counsel did in fact cross-examine both the victim and Dr. Katie Connell, a licensed forensic psychologist from the Cuyahoga County Board of Developmental Disabilities, who testified regarding the victim's general intellectual functioning. At a pre-trial hearing, Dr. Fabian expressed the opinion that the victim's prior tests and records regarding her intellectual competency may not be aligned with her competency to consent to sexual activity. (ECF #26 at 15). Based on Dr. Fabian's *voir dire* testimony, it seemed clear Dr. Fabian wanted to delve into the victim's sexual history to possibly determine if he might reach a different

conclusion concerning the victim's ability to consent to sexual activity. *Id.* The trial court's decision, pursuant to Ohio's rape shield law, to preclude this line of questioning by Dr. Fabian served a legitimate state interest by protecting the mentally impaired victim from being subjected to an unnecessary invasion of privacy. Further, there is no clearly established federal law that states rape shield laws impermissibly impinge on the right to present a defense. *Id.*

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(B) states:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence or return the matter to the magistrate judge with instructions.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. *See* FED R. CIV. P. 72(b). The Court finds Magistrate Judge Vecchiarelli's Report and Recommendation to be thorough, well supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by Magistrate Judge Vecchiarelli's Report and Recommendation.

3

## Conclusion

This Court has reviewed Magistrate Judge Vecchiarelli's Report and Recommendation (ECF #26) *de novo*, considering the Objections of Petitioner. The Court finds Magistrate Judge Vecchiarelli's Report and Recommendation (ECF #12) to be well written, well supported, and correct. Magistrate Judge Vecchiarelli's Report and Recommendation fully and correctly addresses all of Petitioner's claims and the Petitioner's objections are unwarranted. Therefore, Magistrate Judge Vecchiarelli's Report and Recommendation is ADOPTED in its entirety, and Petitioner's Petition for Writ of Habeas Corpus is DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

4

debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge Vecchiarelli's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 19, 2016

5